IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LARRY J. MERIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV617 |
| | ) | |
| SERGENT C. YARBROUGH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on July 21, 2022, was served on the parties in this action. (ECF Nos. 44, 45.) Plaintiff filed objections to the Magistrate Judge's Recommendation, (*see* ECF No. 49), to which Defendant responded, (*see* ECF No. 50). The Court has appropriately reviewed the Magistrate Judge's Recommendation and has made a *de novo* determination in accord with the Magistrate Judge's Recommendation.[*] The Court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss, (ECF No. 16), is granted insofar as Plaintiff's Amended Complaint is dismissed without prejudice for failure to exhaust administrative remedies.

---

[*] In his objections, Plaintiff offers various "[r]easons," (ECF No. 49 at 1 (underlining omitted)), for his failure to file a grievance regarding the underlying incident, but Plaintiff provides no evidence in support of those reasons, (*see id.* at 1-3). Plaintiff thus fails to establish an exception to his exhaustion obligation under the Prison Litigation Reform Act. Under the circumstances, Plaintiff's request to amend his complaint "to fix [his] claim," (*id.* at 1; *see also id.* at 2 ("If my Amended Complaint is dismissed [be]cause I did not file a Grievance then how can I get a second chance to fix my claim?")), qualifies as futile.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This, the 30th day of August 2022.

/s/ Loretta C. Biggs
United States District Judge